[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12796
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2011
JOHN LEY
CLERK

Agency No. A079-323-238

TIAN FENG DONG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 22, 2011)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Tian Feng Dong, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's order of removal and denial of Dong's applications for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 C.F.R. § 208.16(c). Dong claimed that he suffered past persecution for resisting China's one-child policy and that he had a well-founded fear that he would be forcibly sterilized for violating that policy if he returned to the Fujian province of China. The IJ based his order of removal on the finding that Dong was not credible. The BIA dismissed Dong's appeal, finding no clear error in the IJ's adverse credibility determination.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1344 (11th Cir. 2008). Because the BIA agreed with the IJ's adverse credibility determination, we review both the IJ's and BIA's decisions regarding that determination. Id. We review factual findings, including credibility determinations, under the highly deferential substantial evidence test. Id.; see also Adefemi v. Ashcroft, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc). We

2

must "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi, 386 F.3d at 1027. "We must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation marks omitted). And to reverse, "we must conclude not only that the evidence supports a contrary finding, but that it compels one." Xia v. U.S. Att'y Gen., 608 F.3d 1233, 1239 (11th Cir. 2010) (quotation marks and alterations omitted).

To establish eligibility for asylum, an applicant "must, with specific and credible evidence, establish (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of future persecution on account of a statutorily-protected ground." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir . 2006).[1] The denial of asylum relief may be based solely on an adverse credibility determination if the BIA or IJ provides specific, cogent reasons for the credibility finding. Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304–05 (11th Cir. 2009). If the IJ

---

[1] Persecution for political opinion includes both involuntarily sterilization and persecution for failing to undergo, refusing, or otherwise resisting sterilization under a coercive population control program. See 8 U.S.C. § 1101(a)(42). And a well-founded fear of persecution for political opinion includes a well-founded fear of involuntary sterilization or persecution in the future for failing to undergo, refusing, or otherwise resisting involuntary sterilization. See id.

makes an adverse credibility determination, "[t]he burden then shifts to the applicant to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Chen, 463 F.3d at 1231 (quotation marks omitted) (quoting Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir.2005)).

## I.

In his oral decision, the IJ found that overall Dong was not credible. On the issue of Dong's past persecution for resisting China's one-child policy, the IJ alternatively found that, even if he assumed that Dong's testimony was credible, that testimony failed to prove past persecution. Dong contends that the IJ's ultimate finding that he was not credible did not specifically apply to the portion of his testimony about past persecution. His position is that the IJ's past persecution finding was not really made in the alternative. He argues that the IJ actually based his past persecution finding only on the substance of Dong's testimony and not on his lack of credibility. Dong asserts that because the BIA relied solely on the adverse credibility determination in dismissing Dong's appeal and did not adopt the IJ's alternative finding that Dong's testimony failed to prove past persecution, we must remand so the BIA can properly consider whether the record supported that finding. We disagree.

4

As we have already mentioned, the IJ found that Dong's testimony was not credible. In fact, the IJ clearly expressed that finding at least six different times in its March 9, 2009 oral decision—once before discussing Dong's past persecution asylum claim and five times after that discussion. The IJ stated that "I have to deny the respondent's application for asylum [because] . . . I find that he is not credible"; and "I just cannot find the respondent credible"; and "I just find that he lacks the credibility to sustain the burden of proof"; and "he just quickly changed his testimony in response . . . to questions . . . [s]o, I find that he is not credible"; and "I would deny the application . . . because he is not credible"; and "I am just not convinced that his testimony has been credible." The IJ even went so far as to say that "I am not even convinced there is a real second child in this case to be honest with you. That is how much I question [Dong's] credibility."

The IJ did alternatively assume that Dong's testimony was credible and determine that, even then, he had not established past persecution. But that alternative analysis does not change the IJ's finding that in all of his testimony, including the testimony about his past persecution, Dong was not credible. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1351 (11th Cir. 2009) ("Where the [IJ] has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner

5

made or each piece of evidence the petitioner presented." (quotation marks and alterations omitted)). The BIA specifically adopted the IJ's adverse credibility determination by finding "no clear error in the [IJ's] determination that the respondent was not credible." Dong provided no corroborating evidence to support his allegations about past persecution and in light of the adverse credibility determination, substantial evidence in the record supports the conclusion that Dong failed to establish the existence of past persecution.

## II.

Dong also contends that the adverse credibility determination was speculative and not based on specific, cogent reasons. He argues that because the determination was not supported by substantial evidence, the record compels the finding that Dong has a well-founded fear of persecution. We disagree.

In determining credibility, an IJ "must consider the totality of the circumstances, including the applicant's demeanor, the inherent plausibility of the applicant's story, and the consistency among the applicant's written and oral statements and other evidence of record." Todorovic v. U.S. Att'y Gen., 621 F.3d 1318, 1324 (11th Cir. 2010). The finding must also be supported by the record, not by speculation or conjecture. See Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1278 (11th Cir. 2009).

"The IJ alone is positioned to make determinations about demeanor—by observing the alien and assessing his or her tone and appearance—and in that sense is uniquely qualified to decide whether an alien's testimony has about it the ring of truth." Todorovic, 621 F.3d at 1324 (quotation marks omitted). We thus "afford great deference to an IJ's assessment of demeanor" because it is a "core function of the trier of fact." Id. at 1325 (quotation marks omitted) ("Credibility determinations, so far as they involve demeanor, have thus been characterized as largely 'unreviewable.'"). Also, although minor inconsistencies may not support an adverse credibility finding, inconsistencies that go to a key element of an asylum claim are sufficient to support such a finding. See Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1369 (11th Cir. 2005).[2]

In this case, the IJ based his credibility determination in part on Dong's "demeanor on the stand," finding Dong to be "evasive," "non-responsive," and "not entirely forthcoming." In addition to finding Dong not credible based on his demeanor, the IJ found Dong's testimony not credible based on the implausibility

---

[2] Dong brought his claim for asylum before the effective date of the REAL ID Act of 2005, which provides that inconsistencies need not go "to the heart of the applicant's claim." REAL ID Act of 2005, 8 U.S.C. § 1158. Because some of Dong's inconsistencies directly relate to his claim for asylum, we need not resolve whether adverse credibility determinations in pre-REAL ID Act cases must be based on inconsistencies that go to the heart of the claim. See Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1049 n.7 (11th Cir. 2009).

of some of it and of some of the documentary evidence in the record. For example, the IJ discussed the implausibility of Dong's testimony about his second child's first trip to China. The IJ noted the absence in the record of any corroborating documentary evidence about the trip and considered the unlikelihood of anyone sending a four-month-old infant unaccompanied halfway across the globe in the care of a travel agency. The IJ also doubted the plausibility of the some of the documentary evidence on the record. For example, the IJ questioned the credibility of the sterilization certificate from the local Chinese government because of the State Department's report of widespread fabrication of government documents, particularly in the Fujian province of China, and the fact that the certificate was dated just three days before Dong's hearing.

Finally, the IJ identified several specific inconsistencies in Dong's testimony. The IJ pointed to testimony and documentary evidence that were inconsistent about: when Dong was divorced from his wife; who has legal custody of Dong's first child in China; who Dong's first child currently lives with in China; which country his second child was born in; who has had custody over his second child since the divorce; and the circumstances surrounding his second child's trips to and from China. When given the opportunity to explain the inconsistencies at his hearing, Dong failed to do so sufficiently.

As we have already mentioned, the inconsistencies regarding Dong's testimony about his second child led the IJ to state that he was "not even convinced that there is a real second child in this case." The existence of a second child is an inconsistency that is certainly a key element in determining whether Dong has a well-founded fear of persecution for having a second child. Additionally, after the BIA adequately considered Dong's arguments, it found "no clear error" in the IJ's adverse credibility determination, and analyzed with approval many of the express findings the IJ made about Dong's lack of credibility. The decisions of the BIA and the IJ contain specific, cogent reasons for the adverse credibility finding and the record contains substantial evidence to support that finding.[3]

**PETITION DENIED.**

---

[3] Because Dong "has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal or protection under [the Convention Against Torture]." Forgue, 401 F.3d at 1288 n.4.